IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00005-MR-WCM

| | |
|---|---|
| APRIL LEDFORD, ) ) Plaintiff, ) ) vs. ) ) EASTERN BAND OF CHEROKEE ) INDIANS, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint. [Doc. 16].

## I.  BACKGROUND

On January 6, 2020, April Ledford (the "Plaintiff"), proceeding *pro se*, filed a Complaint asserting a claim against the Eastern Band of Cherokee Indians (the "Defendant") under the Indian Civil Rights Act of 1968 ("ICRA"), 25 U.S.C. §§ 1301-04, for allegedly violating her due process rights by terminating a life estate she held in Cherokee, North Carolina. [Doc. 1 at 3].

On January 31, 2020, the Defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim. [Doc. 7]. On March 2, 2020, the Plaintiff filed an Amended Complaint. [Doc. 13]. On March 3,

2020, the Court denied the Defendant's Motion to Dismiss as moot. [Doc. 14].

On March 16, 2020, the Defendant filed a second Motion to Dismiss on the same grounds. [Doc. 16]. On March 30, 2020, the Plaintiff responded to the Defendant's second Motion to Dismiss. [Doc. 19]. On April 6, 2020, the Defendant replied. [Doc. 21].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the Court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). A challenge to the Court's subject-matter jurisdiction under 12(b)(1) may be raised as either a facial or factual attack. See Hutton v. Nat'l Bd. Of Exam'rs in Optometry, Inc., 892 F.3d 613, 621 n.7 (4th Cir. 2018). In a facial attack, where a defendant contends that a complaint fails to allege facts upon which the Court can base subject-matter jurisdiction, the Court must assume as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant makes a factual attack by contending that the jurisdictional allegations contained in the complaint are false, the Court may go beyond the allegations of the complaint in order to determine if the facts

support the Court's exercise of jurisdiction over the dispute. Id. The burden of establishing subject-matter jurisdiction on a motion to dismiss rests with the party asserting jurisdiction, in this case the Plaintiff. Id.; Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

### III. DISCUSSION

The Defendant's second Motion to Dismiss argues that the Court lacks subject-matter jurisdiction over the Plaintiff's claims against the Defendant under the ICRA. [Doc. 16 at 1].[1]

"[T]he Eastern Band of Cherokee Indians is an Indian tribe within the meaning of the Constitution and laws of the United States." Toineeta v. Andrus, 503 F. Supp. 605, 608 (W.D.N.C. 1980). The Court lacks subject-matter jurisdiction over suits against Indian tribes unless "Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Oklahoma v. Manuf. Techs., Inc., 523 U.S. 751, 754 (1998). To relinquish its immunity, a tribe's waiver must be "clear[,]" Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla., 498 U.S. 505, 509 (1991), and "[a]lthough Congress has plenary authority over tribes, courts will not lightly assume that Congress in fact intends to undermine Indian self-government."

---

[1] The Defendant's Motion further argues that the Plaintiff's claims are barred by sovereign immunity and failure to exhaust her tribal remedies before bringing this action. [Id.].

3

Case 1:20-cv-00005-MR   Document 23   Filed 11/12/20   Page 3 of 6

Michigan v. Bay Mills Indian Cmty., 572 U.S. 782, 790 (2014) (citation omitted).

The Plaintiff first argues that the Defendant waived its tribal sovereign immunity when it "misused and broke its own laws" by discriminating against the Plaintiff, allowed the Tribal Council to go beyond the scope of its authority, and acted in bad faith. [Doc. 20 at 3]. Those actions simply do not constitute grounds for finding a waiver of tribal sovereign immunity. Indeed, the Defendant would have little tribal sovereign immunity if it could be sued for breaking laws, acting beyond the scope of its authority, or acting in bad faith. Because the Plaintiff presents no other basis for finding that the Defendant has waived its tribal sovereign immunity, the Plaintiff has not carried her burden to show that the Defendant waived its tribal sovereign immunity for the Plaintiff's claims. Adams, 697 F.2d at 1219 (stating that the burden of proving subject-matter jurisdiction is on the party asserting jurisdiction).

The Plaintiff next argues that Congress authorized claims against the Defendant when it passed the ICRA. [Doc. 20 at 11].[2] The ICRA, however "neither served as a waiver of tribal sovereign immunity nor impliedly

---

[2] Among other things, Title I of the ICRA provides that "[n]o Indian tribe in exercising powers of self-government shall . . . take any private property for a public use without just compensation[.]" 25 U.S.C. § 1302.

4

provided for a civil cause of action in federal courts . . . ." Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 886 (2d Cir. 1996) (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49. 59 (1978)); see also Oxendine-Taylor v. E. Band of Cherokee Indians, No. 1:20-cv-00214-MR, 2020 WL 5639307, at *1 (W.D.N.C. Sept. 14, 2020) (Reidinger, C.J.). As such, the ICRA does "not establish a federal civil cause of action against a tribe or its officers, . . . except in cases in which the relief sought could properly be cast as a writ of habeas corpus." Poodry, 85 F.3d at 884.[3]

While the Plaintiff concedes that her claim is barred by the majority opinion in Santa Clara Pueblo, she cites language from the dissenting opinion in that case to argue that the Court should nevertheless exercise subject-matter jurisdiction over her claim. [Doc. 20 at 11 (citing Santa Clara Pueblo, 436 U.S. at 76 (White, J., dissenting)]. The dissenting opinion cited by the Plaintiff expressly agrees with the majority opinion "that the [ICRA] does not constitute a waiver of the [tribe's] sovereign immunity." Santa Clara Pueblo, 436 U.S. at 73 (White, J. dissenting). More importantly, however, the majority opinion in Santa Clara Pueblo has never been overturned and has been consistently applied by the United States Supreme Court, the

---

[3] When seeking relief that cannot be cast as a writ of habeas corpus, "[t]ribal forums are available to vindicate rights created by the ICRA[.]" Santa Clara Pueblo, 436 U.S. at 65.

5

Fourth Circuit and this Court. See, e.g., Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians, 468 U.S. 1315, 1317 (1984); Crowe v. E. Band of Cherokee Indians, Inc., 584 F.2d 45, 45 (4th Cir. 1978); Oxendine-Taylor, 2020 WL 5639307, at *1. Accordingly, that opinion constitutes controlling precedent for this Court. Because Santa Clara Pueblo only permits civil actions under the ICRA that seek habeas corpus as a remedy, the Court lacks subject-matter jurisdiction over the Plaintiff's claims.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's second Motion to Dismiss [Doc. 16] **GRANTED** and the Plaintiff's Amended Complaint [Doc. 13] is **DISMISSED**.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED**.

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge